UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-cv-81490-RLR

SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

v.

SECURED INCOME RESERVE, INC.,
ILONA A. MANDELBAUM,
DAVID A. ZIMMERMAN,
TAMDA MARKETING, INC., and
MATTHEW H. SAGE,

                Defendants,

JENNIFER A. AUSTIN, and
HSC HOLDINGS, LLC

                Relief Defendants.

**FINAL JUDGMENT AS TO RELIEF DEFENDANT JENNIFER A. AUSTIN**

The Securities and Exchange Commission having filed a Complaint and Relief Defendant Jennifer A. Austin ("Relief Defendant" or "Austin") having entered a general appearance; consented to the Court's jurisdiction over Austin and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

## DISGORGEMENT

IT IS HEREBY ORDERED AND ADJUDGED that Austin is liable for disgorgement of $131,000, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $14,663.53 for a total of $145,663.53. Austin shall satisfy this obligation by paying $145,663.53 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Austin may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Austin may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Jennifer Austin as a relief defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Austin shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Austin relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Austin.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan

to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Austin shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## II.

## INCORPORATION OF CONSENT

IT IS FURTHER ORDERED AND ADJUDGED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Austin shall comply with all of the undertakings and agreements set forth in the Consent.

## III.

## BANKRUPTCY NONDISCHARGEABILITY

IT IS FURTHER ORDERED AND ADJUDGED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Relief Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Relief Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## IV.

## RETENTION OF JURISDICTION AND CASE CLOSURE

IT IS FURTHER ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment. The stay having been lifted for the limited purpose of entering this final judgment, the Clerk of Court is hereby directed to CLOSE THIS CASE. All pending motions are DENIED AS MOOT, all hearings are CANCELLED, and all deadlines are TERMINATED.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 11th day of April, 2017.

Copies furnished to:  
Counsel of record

ROBIN L. ROSENBERG  
UNITED STATES DISTRICT JUDGE